THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE T. HAMILTON, Appellant, *v.* JOSEPH H. BROPHY, as Warden of Auburn State Prison, Respondent.

Fourth Department, October 5, 1938.

*Richard T. Anderson*, for the appellant.

*John J. Bennett, Jr.*, Attorney-General [*Patrick H. Clune* and *Edward T. Boyle*, Assistant Attorneys-General, of counsel], for the respondent.

Order affirmed, without costs, on the opinion of KENYON, J., at the Special Term.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, TAYLOR and DOWLING, JJ.

The following is the opinion of the Special Term:

KENYON, J. The relator has applied by means of a writ of habeas corpus for release from Auburn State Prison. The relevant facts would seem to show that George T. Hamilton was convicted on November 16, 1928, in Erie county for the crime of assault, second degree, and was sentenced for said crime to a term of not less than two and one-half years and not more than five years. He was released on parole April 24, 1931, and declared delinquent September 8, 1932. While on parole he was convicted in Erie county of the crime of abortion, a felony, and was sentenced for said crime to a term of six years, said conviction being on January 27, 1933.

An information was laid against the said George T. Hamilton on December 19, 1932, by the district attorney of Erie county charging him with having previously been convicted of a felony within the State of New York, namely, assault in the second degree, and that the said George T. Hamilton at that time admitted that he was the same person mentioned in said information.

When Hamilton was returned to prison he was charged with owing two years and four months on his previous sentence. He appeared on March 15, 1933, before the Board of Parole and was held for the full maximum of his first sentence which would expire on June 14, 1935, before starting the six-year term. At that time section 219 of the Correction Law of the State of New York provided that if a prisoner be convicted in this State of a felony committed while on parole from a State prison, he shall, in addition to the sentence which may be imposed for said felony, and before beginning to serve said sentence, be compelled to serve in State prison the portion remaining of the maximum term of the sentence on which he was released on parole from the time of said release on parole to the expiration of the maximum. The relator contends that by amendment to section 2190 of the Penal Law by chapter 70 of the Laws of 1936, which did not take effect until March 6, 1936, the second sentence of six years should date from the expiration of the minimum of his first indeterminate sentence because that

section should apply to any person in a State prison at the time of its passage.

This contention of the relator the court does not feel it can sustain, regardless of what interpretation is to be placed upon section 2190 of the Penal Law after the 1936 amendment, because this relator had already completed the service of the two years and four months as the unexpired portion of his first sentence, with which he was charged by the Parole Board when he was returned to prison long before the amendment of section 2190 of the Penal Law was enacted or took effect.

The writ is, therefore, dismissed.